## In re EAGLE–PICHER INDUSTRIES, INC., et al., Debtors.

## TRANSICOIL, INC. and Eagle–Picher Industries, Inc., et al., Plaintiffs,

v.

## BLUE DOVE DEVELOPMENT ASSOCIATES, LIMITED PARTNERSHIP, and K–Jem, Inc., General Partner, Defendants.

Bankruptcy No. 1–91–00100.
Adv. No. 93–1067.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 21, 1995.

R. Joseph Parker, Earl K. Messer, Taft, Stettinius & Hollister, Cincinnati, OH, for Blue Dove Development Associates, Limited Partnership and K–Jem, Inc.

Edmund J. Adams, Cincinnati, OH, for Eagle–Picher Industries, Inc. and Transicoil, Inc.

## DECISION AND ORDER ON PLAINTIFFS' MOTION RE COUNTERCLAIM

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding involves a lease dispute between debtor Transicoil, Inc., a subsidiary of debtor Eagle–Picher Industries, Inc., and Blue Dove Development Associates ("Blue Dove"), the lessor of premises leased and occupied by Transicoil. In the complaint, plaintiff Transicoil asserts numerous claims against Blue Dove that arise out of Blue Dove's alleged delay in obtaining permanent financing in accordance with the lease. The parties have filed cross-motions for summary judgment on counts III, IV,

and V of the complaint. We have considered those motions in a separate decision.

In addition, defendant Blue Dove has filed a counterclaim, asserting that plaintiffs breached the lease agreement by failing to pay monthly rent as it became due on June 1, 1993, July 1, 1993, and August 1, 1993, and that plaintiffs failed to pay monthly base rent at the rate calculated pursuant to the formula set forth in the lease after defendant obtained permanent financing in September, 1993. Plaintiffs' motion for summary judgment on the counterclaim is now before the court. (In defendants' cross-motion (Doc. 77), in addition to seeking summary judgment on the Counts of the complaint, defendants say that they seek summary judgment "on the issue of liability alone on Defendants' counterclaim." We have, however, been unable to find that this is addressed in defendants' several memoranda. We therefore make no ruling on this motion.)

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

The following facts are not in dispute. Plaintiffs and defendants entered into a lease agreement on April 28, 1989, pursuant to which plaintiffs agreed to lease from defendants an office and manufacturing facility to be constructed at defendants' expense. The lease obligated plaintiffs to pay rent to defendants as calculated according a formula that included as a factor the constant of the permanent mortgage ultimately to be obtained by defendants. The lease also provided for payment of interim base rent during the period before defendants obtained permanent financing, based upon a calculation that included as a factor the cost of defendants' construction financing. Defendants had not secured permanent financing when plaintiffs took occupancy of the subject premises in September, 1990. As a result, plaintiffs continued to pay base rent to defendants according to the interim base rent formula. In August, 1992, when defendants still had not obtained permanent financing, the parties agreed to a reduced monthly interim base rent of $75,000.00.

Plaintiffs allege that the continued payment of rent during the interim period resulted in rent overpayments. After filing this adversary proceeding against defendants to recover the alleged overpayments, plaintiffs ceased paying base rent until September 7, 1993, when this court ordered it to deposit the disputed payments into an escrow account. On September 22, 1993, after defendants finally obtained permanent financing, this court approved defendants' request that plaintiffs resume making monthly rent payments of $75,000.00 directly to defendants rather than into the escrow account.

Defendants then filed a motion to dismiss the complaint for lack of venue on October 5, 1993, which this court subsequently denied. On October 13, 1993, while the motion to dismiss was pending before this court, defendants filed an action in Pennsylvania District Court asserting claims against plaintiffs for nonpayment of rent due June 1, 1993, July 1, 1993, and August 1, 1993, the same claims which are the subject of the instant counterclaim. The relevant paragraphs from the Pennsylvania District Court complaint, which appear in almost the same form as paragraphs (1) and (2) in defendants' counterclaim, are as follows:

(20) [Transicoil] has refused to pay to [Blue Dove] the Interim Base Rent of Seventy–Five Thousand Dollars ($75,-000) per month, due under the lease on June 1, 1993, July 1, 1993, August 1, 1993 and September 1, 1993.

(21) [Blue Dove] obtained a permanent mortgage on September 7, 1993 and in a letter dated September 8, 1993, in accordance with Article 2, section 2.01(a) of the lease, definitively calculated the monthly Base Rent at Seventy–Six Thousand Seven Hundred Eighty–Eight Dollars and Thirty–Two Cents ($76,788.32) and notified [Transicoil], however [Transicoil] has refused to pay the Base Rent since June, 1993 although [Transicoil] paid $75,000 to [Blue Dove] on October 6, 1993.

Plaintiffs base their motion for summary judgment on an order of this court entered March 31, 1994, in which we imposed sanc-

tions on defendants for their conduct in filing the Pennsylvania action while the question of propriety of venue was pending in this court. Plaintiffs argue that, in the March 31, 1994 order, this court "destroyed the factual predicate for defendant's Counterclaim by ruling that identical allegations asserted in the Pennsylvania Action were false and made in bad faith." Plaintiff quotes the following language from that order:

> With respect to paragraph 20 [of the Pennsylvania District Court complaint], this court had ordered that lease payments for June 1, 1993, July 1, 1993, August 1, 1993 and September 1, 1993 be paid into escrow. Transicoil had not refused to make those payments.

> With respect to paragraph 21, Blue Dove and K–Jem had no right to rent at $76,-788.32 per month, for this court had fixed rent payments at $75,000.00 per month pending resolution of the lease dispute between the parties which was pending in this court.

Plaintiffs also note this court's conclusion in the order that, in asserting the allegations cited above, counsel "could not possibly in good faith have certified that the allegations ... 'were well grounded in fact.'" Plaintiffs contend that, by this language, the court has already determined that defendants' counterclaim has no factual basis and that payment of rent into escrow for June, 1993 through September, 1993 was not a breach of the lease. Plaintiffs argue that it therefore is entitled to summary judgment on defendants' counterclaim, and that the counterclaim should be dismissed as a matter of law.

Plaintiffs misread the court's March 21, 1994 order. Our statement that "plaintiff had not refused to make those payments" referred to the payments to be made into escrow, not the prior nonpayment for which defendants allege breach. The court has not made a determination as to whether plaintiffs breached the lease by failing to pay rent for June, July, and August, 1993 or whether plaintiffs' payment into escrow cured any breach that may have resulted from plaintiffs' initial nonpayment of rent under the lease. Likewise, our reference to paragraph 21 was not a final determination that plaintiff

had no right under the terms of the lease to monthly rent of $76,788.32. Rather, it was a reference to our directive that plaintiffs continue to make payments of $75,000.00 into escrow (the amount to which the parties previously had agreed), until such time as we resolved the underlying lease dispute.

Accordingly, we deny plaintiffs' motion for summary judgment.

So Ordered.